UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------- X

BEST PAYPHONES, INC.,

               Plaintiff,               **MEMORANDUM & ORDER**

    -against-                   03-CV-0192 (JG)(KAM)

THE CITY OF NEW YORK, *et al.*,      01-CV-3934 (JG) (KAM)

               Defendants.

--------------------------------------- X


---------------------------------------X

THE NEW PHONE COMPANY, INC.,

               Plaintiff,               **MEMORANDUM & ORDER**

    -against-                   01-CV-3934 (JG)(KAM)

THE CITY OF NEW YORK, *et al.*,

               Defendants.

---------------------------------------X

MATSUMOTO, United States Magistrate Judge:

      By letter dated September 14, 2006, plaintiffs
requested that Judge John Gleeson schedule a pre-motion
conference regarding plaintiffs' anticipated motions to stay the
above-referenced cases.  By ordered entered on September 15, 2006
in 01-CV-3934 (JG)(KAM), <u>Best Payphones, Inc. v. City of New York
et al.</u>, Judge Gleeson referred plaintiffs' letter to the
undersigned for a decision.  On September 15, 2006, the

undersigned ordered that defendants respond to the plaintiffs'
September 14, 2006 pre-motion conference request by September 22,
2006.  Counsel for the City defendants and Verizon have submitted
their opposition to a stay of the above actions.

As a preliminary matter, the Court notes that
considerable time was spent with the parties at a conference in
<u>Best Payphones, Inc. v. City of New York</u> <u>et al.</u>, 03-CV-192, on
September 6, 2006 (<u>see</u> Minute Entry dated Sept. 7, 2006),
discussing the appropriate parameters and timing of a Second
Amended and Supplemental Consolidated Complaint in that case,
under which the other active <u>Best Payphones</u> cases, 01-CV-3934 and
01-cv-8506, are consolidated.  (<u>See</u> Opinion & Order dated Mar.
29, 2006.)  Plaintiffs' subsequent request for leave to move for
a stay in 03-cv-192 and the other above-captioned cases, after
plaintiffs failed to mention this possibility at the September 6,
2006 conference, suggests a dilatory motive.

Plaintiffs' application for leave to file a motion to
stay is denied.  Plaintiffs have failed to set forth a sufficient
factual or legal basis for their motion to stay these actions.
<u>See</u> <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254-55 (1936) ("the
power to stay proceedings is incidental to the power inherent in
every court to control the disposition of the causes on its
docket with economy of time and effort for itself, for counsel,
and for litigants."); <u>Osan Ltd. v. Accenture LLP</u>, No. 05-CV-5048,

-2-

2006 WL 1662612, at *1 (E.D.N.Y. June 13, 2006). Permitting plaintiffs to make their motion for a stay will cause further delay in the disposition of the actions and will thereby prejudice defendants. The Court thus determines that further motion practice regarding a stay will not serve the interests of the litigants or the Court.[1]

Moreover, given that plaintiff in the 03-cv-192 <u>Best Payphones</u> case has failed timely to file its Second Amended and Supplemental Consolidated Complaint by September 18, 2006, as ordered, plaintiff is given a final opportunity to file the same, by September 26, 2006, without prejudice to defendants' right to assert any defenses and move against the pleading. Plaintiff's counsel is again reminded that he is bound by his obligations as an officer of the Court, Fed. R. Civ. P. 11, and the Court's previous orders. As previously ordered, plaintiff's Second Amended and Supplemental Consolidated Complaint shall not add additional claims or parties beyond those presently embodied in plaintiff's August 23, 2006 submission, doc. no. 103 in 03-CV-

---

[1] As this Memorandum and Order was being finalized, plaintiffs' counsel requested the opportunity to submit a reply to the defendants' submissions opposing plaintiffs' pre-motion conference request regarding the stay. Because neither Judge Gleeson's nor the undersigned's motion practices, nor the Court's September 15, 2006 order authorize a reply, and because this Court is, by this order denying plaintiffs' pre-motion conference request for a stay, the Court also denies plaintiffs' request to submit a reply.

192, entitled "Revised Proposed Second Amended and Supplemental Complaint." Should plaintiff fail to file a Second Amended and Supplemental Consolidated Complaint by September 26, 2006, this case shall proceed on the existing Amended Complaint in 03-cv-192 (doc. no. 21), filed on August 16, 2004, and defendants shall respond to that Amended Complaint in the manner prescribed by the Federal Rules of Civil Procedure.

**SO ORDERED.**
Dated: September 22, 2006
      Brooklyn, New York

                                   /s/
                                  KIYO A. MATSUMOTO
                                  United States Magistrate Judge
                                  Eastern District of New York