UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BEST PAYPHONES, INC.,

      Plaintiff,

 -against-

CITY OF NEW YORK, et al.,

      Defendants.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**

03-CV-192 (JG) (ALC)
01-CV-8506 (JG) (ALC)
01-CV-3934 (JG) (ALC)

**ANDREW L. CARTER, JR., UNITED STATES MAGISTRATE JUDGE:**

### I. Background

The issue before the Court is whether Plaintiff Best PayPhones, Inc. will waive its previously dismissed claims for further appellate review if it files an amended complaint that reflects the dismissal. (Docket No. 213.)[1] The Court had previously dismissed Plaintiff's second amended and supplemental complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6), except for claim 1 (first amendment claim) and claim 3 (equal protection claim). (Docket Nos. 192, 202.) It also dismissed the SAC without leave to amend. (*Id.*) Originally, Plaintiff intended to appeal the Court's dismissal, but subsequently agreed to withdraw the appeal. (Docket No. 225.) To proceed with the remainder of the case, Defendants request that Plaintiff amend its complaint strictly to the remaining claims. They argue that the failure to file an amended complaint that reflects the Court's order may lead to confusion and needless discovery. Plaintiff refuses to file an amended complaint that eliminates claims and parties dismissed by the Court because it fears such amendment would foreclose appeal of the dismissed claims or parties. The Court previously directed Plaintiff to file an amended complaint to comply with the dismissal, but then

---

[1] Docket numbers referenced in 03-CV-192.

1

allowed Plaintiff to argue its position. (Minute Entries 11/26/08 and 2/5/09.) For the reasons set forth below, Plaintiff's objection is denied and it is directed to file an amended complaint properly pleading claims 1 and 3 from the SAC, insofar as Plaintiff intends to seek damages based on those claims.

## II. Discussion

Federal case law rebuffs Plaintiff's argument. A party is not required to re-plead claims or defenses in an amended pleading once the Court has denied those claims. *See Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000); *see also Young v. City of Mount Ranier*, 238 F.3d 567, 572-73 (4th Cir. 2001); *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 n. 5 (11th Cir. 1999); *Davis v. TXO Production Corp.*, 929 F.2d 1515 (10th Cir. 1991) (reasoning that because a party is not required to re-allege a cause of action previously dismissed on the merits, the party has not waived his previously dismissed claims for further appellate review); *United States v. Bonanno Organized Crime Family*, 695 F. Supp. 1426, 1432 (E.D.N.Y. 1988) ("The logical rule should be that filing an amended complaint omitting claims that the court has dismissed on substantive grounds does not waive the plaintiff's right to appeal the court's dismissal of those claims.") (citing 3 Moore, Moore's Federal Practice ¶ 15.08 [8] (2d. ed. 1987) and 6 Wright & Miller, Federal Practice & Procedure § 1476 (1971)).

Plaintiff's argument surprisingly has support with Ninth Circuit authority. *See Marx v. Loral Corp.*, 87 F.3d 1049, 1055 (9th Cir. 1996) (holding that the party waived its right to appeal where the district court dismissed a claim from the original complaint and the party failed to re-plead the dismissed claim in the amended complaint); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). However, the Second Circuit in *Crysten/Montenary*, as well as other federal circuits, does not agree with the Ninth

Circuit's position on waiver of dismissed claims. 226 F.3d at 162. Moreover, the Ninth Circuit acknowledges its minority viewpoint. *See Marx*, 87 F.3d at 1056 ("Other courts, as well as legal scholars, have criticized this Circuit's rule as 'formalistic,' 'rigid,' and 'too mechanical.'" (internal citations omitted)); *London*, 644 F.2d at 814 ("We are well aware that other circuits do not look with favor upon this rule ..."). Plaintiff offers no reason persuading me to follow the Ninth Circuit's unconventional rule and to deviate from the law of our own Circuit. It also offers no support nor does it cite a single case analogous to the instant matter that would convince me to consider its argument.

Furthermore, if Plaintiff wishes to file a future appeal on the final judgment in this case, the appellate court can review all interlocutory judgments, including the decision to dismiss most of the SAC, on appeal. *See Yobo v. New York State Facilities Dev. Corp.*, 13 F. App'x 41, 43 (2d Cir. 2001); *Songbyrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 178 (2d Cir. 2000). Accordingly, filing an amended complaint that properly reflects the claims before the Court does not preclude appellate review of the dismissed claims.

### III. Conclusion

Plaintiff is hereby ordered to file an amended complaint pleading claims 1 and 3 from the SAC, insofar as Plaintiff seeks damages based on those claims. It shall do so by **August 20, 2010**. The Court previously ordered the parties to meet and confer as to which claims/paragraphs from the SAC remain valid after the dismissal. After one and half years of disputes, the parties have reported that they have reached an impasse as to only ten paragraphs: 3, 5, 9, 72, 153, 161, 162, 167, 169, and paragraph (j) of the wherefore clause, from Plaintiff's "pre-answer stipulation." (Docket Nos. 248, 254.) I have reviewed the City's objections and I find its objections valid. Plaintiff is ordered to revise its "pre-answer stipulation" accordingly

and file the amended complaint reflecting those changes. Defendants shall answer the amended complaint by **October 5, 2010** and the parties shall appear for a discovery scheduling conference on **October 14, 2010** at 3:30 p.m. in Courtroom 504N.

If Plaintiff continues with its unwavering stance that it will not file an amended complaint, the Court will have no choice but to dismiss the action with prejudice. I will not tolerate further needless filings, all targeted to circumvent the inevitable conclusion that Plaintiff must file an amended complaint if it wishes to continue with the present matter.

**SO ORDERED**

**Dated: August 16, 2010
Brooklyn, New York**

_____
**HONORABLE ANDREW L. CARTER, JR.
UNITED STATES MAGISTRATE JUDGE**