UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
BEST PAYPHONES, INC.,                                        :
                                                             :
                              Plaintiffs,                    :
                                                             :   **MEMORANDUM AND ORDER**
              -against-                                      :   01 CV 3934 (JG) (VMS)
                                                             :   01 CV 8506 (JG) (VMS)
CITY OF NEW YORK, et al.,                                    :   03 CV 192 (JG) (VMS)
                                                             :
                              Defendants.                    :
                                                             :
------------------------------------------------------------ x

**Scanlon, Vera M., United States Magistrate Judge:**

Before the Court is Best's reconsideration motion relating to my February 17, 2015 report and recommendation (hereinafter "the February 17, 2015 recommendation" or "my recommendation") addressing Best's motion to file a Fourth Amended Complaint in order to revive TCA claims which this Court previously dismissed in 2008. Docket No. 417 (the recommendation); Docket No. 427 (Best's reconsideration motion). I recommended that the District Court deny Best's motion to file a Fourth Amended Complaint. Docket No. 417.

Defendants oppose Best's reconsideration motion. Docket No. 429. Best then filed a fifteen-page reply, which is longer than its opening brief and which raises new arguments.[1] Docket No. 431. Defendants filed a sur-reply. Docket No. 435.

By way of background, I respectfully refer the District Court to the various over-lapping, nearly duplicative, actions filed by Best and an affiliate in this Court.[2] I also refer the Court to the recitation of facts set forth in the various reports and recommendations relating to this matter,

---

[1] In addition, Best's reply was fifteen pages, which exceeds my Rules' ten-page limit for replies by half.

[2] See, e.g., Case Nos. 00 Civ. 2007, Docket Nos. 161, 210; 03 Civ. 3555; No. 03 Civ. 3978; No. 04 Civ. 3541; No. 05 Civ. 1702, Docket Nos. 20, 100; No. 06 Civ. 3529; No. 07 Civ. 2474.

the most recent being my recommendation in this action which is the subject of Best's reconsideration motion. Docket No. 417.[3]

Bests moves for reconsideration pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b) and Local Civil Rule 6.3.[4] Docket No. 427; Fed. R. Civ. P. 60(b); Local Civil Rule 6.3. FRCP 60(b) provides in relevant part that a court may relieve a party from a court's "order, judgment or proceeding" for various reasons, including mistake. Fed. R. Civ. P. 60(b).[5]

Reconsideration under FRCP 60(b) is appropriate only where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Cohen v. Narrangansett Bay Ins. Co., No. 14 Civ. 3623 (PKC), 2014 WL 6673846, at *1 (E.D.N.Y. Nov. 24, 2014) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "An FRCP 60(b) motion should not be granted where the movant seeks solely to relitigate an issue already decided." Cohen, 2014 WL 6673846, at *1 (quotation & citation omitted).

Local Civil Rule 6.3 provides that "[n]o oral argument shall be heard" on a reconsideration motion "unless the Court directs that the matter shall be reargued orally." Local Civil Rule 6.3. I deny Best's request for oral argument on the motion because the argument is unnecessary to resolve the issues raised. Docket No. 427. I discuss Best's reconsideration arguments in turn below.

---

[3] See, e.g., Case Nos. 00 Civ. 2007, Docket Nos. 161, 210; No. 05 Civ. 1702, Docket Nos. 20, 100.

[4] Best states that it also brings its reconsideration motion under FRCP 59, Docket No. 427, which deals with seeking a new trial or the alteration and amendment of a judgment. Fed. R. Civ. P. 59. Here, as there has not been a trial or a judgment, FRCP 59 is not relevant.

[5] Defendants do not object to the application of FRCP 60(b) in this context.

## I. Best's Reconsideration Argument That The Parties' Twenty-Two Filings On This Motion To Amend Did Not Provide Sufficient Briefing Lacks Merit

Best claims to be prejudiced by a lack of opportunity to brief its motion to amend and asks me to reconsider my report and recommendation on that basis. Id. Best's claim is baseless because I issued my report and recommendation after Best expressly asked the Court to rule on the motion, Docket No. 406; attached the Parties' twenty-two related filings on the question to that request (which totaled one hundred and forty seven pages), Docket No. 406-1; and confirmed during a conference that it wished the Court to rule on the motion. Docket No. 412. I therefore reject Best's arguments.

Best's principal argument is that the Parties' twenty-two filings were pre-motion briefs, not fully briefed motions. Docket No. 427. In order to credit this argument I would have to accept that Best believed that these twenty-two letter briefs, filed over the course of eleven months, existed solely to convince me to grant Best leave to file a formal motion. Id. I reject the argument because Best explicitly stated otherwise on the record before I published the report and recommendation.

Best's reconsideration motion does not identify what prejudice it suffered as a result of the allegedly informal briefing, for example, by pointing to even one single argument that it would have made in more formal briefing. Id.[6] Instead, Best's reconsideration motion's allegations of error deal exclusively with issues that were amply briefed in Best's share of the twenty-two filings, and which I discussed at length in my report and recommendation. Id. at 5-8. As to this last point, Best can hardly complain that the issues in its motion to amend have not

---

[6] Best's failure to demonstrate prejudice is understandable given that Best actually received more opportunity to present its position than it would have had under a formal briefing schedule. Again, the Parties collectively submitted twenty-two letter briefs on Best's motion to amend. Docket Nos. 344, 348, 351, 355, 357, 358, 363, 364, 365, 367, 370, 371, 373, 377, 382, 383, 392, 399, 400, 403. In addition, the Parties argued their positions before me. Docket Entry 361.

been fully aired. As this discusssion of Best's reconsideration motion will make clear, there is nothing addressed here that was not already addressed in my February 17, 2015 report and recommendation.

Best's argument is particularly lacking in merit because, on December 4, 2014, Best filed a letter <u>affirmatively</u> asking the Court to decide its motion to amend and hold all other motions in abeyance. <u>Docket No. 406</u>. In Best's own words, it wished "to move forward with its request to amend its Third Amended Complaint" and that, for the Court's convenience, it had attached "all the letters associated with the amendment issue [as well as t]he City['s] filed responses to these letters." <u>Id.</u> (omitting Best's list of docket citations); <u>Docket No. 406-1</u> (Best's collection of filings).

As if that were not clear enough, during a January 23, 2015 conference, I asked Best's counsel of record David Bolton to confirm that Best's December 4, 2014 letter requested that I decide the motion to amend and hold all other motions in abeyance. <u>Docket No. 412</u> at 6. At first, Best's lawyer responded that he was not certain what the December 4, 2014 letter said (he had apparently not written the letter), and he said that he thought that the motions were pre-motion conference letters. <u>Docket No. 412</u>. The exchange continued:

> MR. BOLTON: But if that's the last letter from Best --
>
> THE COURT: Right. That's [Docket Number] 406. 406 is the one asking that the motion to amend be decided.
>
> MR. BOLTON: Yes.
>
> THE COURT: And put off the others.
>
> MR. BOLTON: Right. If that's what it says – I mean I can circle back and confirm that and send a letter to the court but I have no reason to believe that that letter is not the last word on the

4

|              | topic but it's not something I looked into before today. |
|---|---|
| THE COURT:   | So is there any problem with my plan? We'll decide that motion and then if any of these other ones end up being connected to it we'll deal with that[.] |

Docket No. 412 at 7. After the conference, Mr. Bolton never sent a letter to the Court to suggest that any additional briefing on the motion to amend was needed. Id.

Later in the same conference, I again said that I would decide the motion to amend, and again Best did not object and even affirmatively agreed that that was what Best wanted. For example, I said that "what Best is asking for is [that] we focus on the motion to amend and see where that leaves us once that's decided . . . . [T]o me it makes sense to deal with the motion to amend and then see where these other motions fall . . . ." Docket No. 412 at 10-11. Mr. Bolton made no objection to this characterization of the amendment motion's posture. Then, as I mentioned certain complaint amendment arguments, I stated that "my position is [that] that's fully briefed . . . [Best,] your request is that we deal with the motion to amend and after that's decided deal with these other motions. Is that right?" Docket No. 412 at 15-16. To which Mr. Bolton responded: "Yes." Id. at 16.

In light of the foregoing—the Parties' twenty-two letter briefs, Best's inability to point to prejudice in the form of an argument it was prevented from making, and Best's request that I decide the motion—it is surprising that Best now claims that it was not given an opportunity to brief the motion to amend and that it lacked notice that this Court considered the motion to amend ripe for adjudication. Docket No. 361 (the Parties' argument regarding the motion before me); Docket No. 406 (Best's request that the Court decide the motion); Docket No. 406-1 (collecting the Parties' twenty two letter briefs); Docket No. 412 (Best's representation at

5

conference that it wanted the Court to decide the motion). I **deny** Best's reconsideration motion to the extent that it argues that I did not permit Best to have sufficient briefing before preparing my report and recommendation.

In any event, as to these TCA issues, Best has briefed them in many of the ten-plus litigations Best or Best's affiliate has filed related to similar facts. Therefore, I have not only read about the TCA issue in this Best litigation, but I have read about the TCA issue under other docket numbers as well, as my citations in the February 17, 2015 recommendation show.

II. **Best's Reconsideration Argument That Second Circuit Did Not Rule On The Merits In <u>New Phone 2d Cir. I</u> Because The Plaintiff In That Case Did Not Have Standing Is Without Merit**

In my February 17, 2015 recommendation, I found Best's facial TCA claims to be futile because the Second Circuit held in <u>New Phone Company, Inc. v. New York City Department of Information Technology & Telecommunications ("New Phone 2d Cir. I")</u>, 355 F. App'x 503, 505 (2d Cir. 2009), that Local Law 68 does not constitute a facial violation of the TCA. <u>Docket No. 417</u> at 26-34 (citing <u>New Phone 2d Cir. I</u>, 355 F. App'x at 505-06).

Best argues that I should reconsider my reliance upon the Second Circuit's decision in <u>New Phones 2d Cir. I</u>. <u>Docket No. 427</u>. In brief, Best argues that because the underlying district court decision in that case found that the plaintiff lacked TCA standing, the Second Circuit in <u>New Phone 2d Cir. I</u> lacked jurisdiction to reach the TCA claim's merits. <u>Id.</u> Best further notes that this Court, in one of the earlier, overlapping litigations, said that <u>New Phone 2d Cir. I</u> did not have <u>res judicata</u> effect on the merits of TCA claims in a related case where the plaintiff lacked standing: "[B]ecause the [district court in that case] found that it lacked jurisdiction, the dismissal [of that case] could not extend to the merits of the action." <u>Id.</u> (citing <u>New Phone Company, Inc. & Best Payphones, Inc. v. N.Y.C. Dep't of Info. Techn. & Telecommc'n ("New</u>

6

Phone/Best Payphone EDNY 2005"), No. 05 Civ. 1702 (JG) (ALC) (E.D.N.Y. Apr. 27, 2011), Docket No. 100, adopted by Docket No. 107)). As a result, according to Best, New Phone 2d Cir. I's language stating that it affirmed the district court on the grounds that Local Law 68 falls within the TCA's safe harbor is non-binding dicta. Docket No. 427.

Best's "reconsideration" argument is disingenuous because I already considered these arguments, discussed them, and rejected them in my report and recommendation. Docket No. 417 at 32 (acknowledging Best's argument about New Payphone/Best Payphone EDNY 2005). In fact, I dedicated eight pages of my recommendation discussing this theory the first time Best made it and explaining why I did not agree with it. Id. at 26-34. In brief, the reason why Best's argument is without merit is because the Second Circuit in New Phone 2d Cir. I explicitly stated that, although the district court had dismissed the claims on, inter alia, a lack of standing, its review of the case would be de novo. The Second Circuit then said that "[r]ather than review [standing as a basis] for dismissal," it affirmed the district court because,

> in all its prolix briefing, [the plaintiff] provides no reason for characterizing the regulatory scheme set forth in Local Law 68 as anything other than a framework for the installation and management of PPTs on public property. . . . By its plain terms, [the TCA safe harbor] insulates any such scheme from the TCA's preclusive effect. Accordingly, we find that [the plaintiff's] claims under the TCA were properly dismissed.

New Phone 2d Cir. I, 355 F. App'x at 505.

Later that same day, in New Phone 2d Cir. II, the Second Circuit cited New Phone 2d Cir. I and dismissed TCA claims brought by Best's affiliate in another of these litigations "because, pursuant to the [TCA's] 'safe harbor' provision, . . . the regulatory scheme set forth in Local Law 68 was exempt from the terms of the TCA." New Phone 2d Cir. II, 355 F. App'x at 501. I accordingly **deny** Best's motion that I reconsider my recommendation relating to its

7

collateral estoppel argument.

### III. New Law Supports My February 17, 2015 Finding That Best Lacks Standing To File The Proposed TCA Claims In A Fourth Amended Complaint

According to Best, I should reconsider my recommendation that the District Judge find that Best lacks standing to bring the TCA claims because Magistrate Judge Matsumoto's June 30, 2008 recommendation reached a different conclusion. Docket No. 192, adopted by Docket No. 202.

#### a. Introduction

First, I note that I presented my February 17, 2015 finding that Best lacks standing as an alternative grounds for my recommendation that Best's motion for leave to amend be dismissed: "Even if New Phone 2d Cir. I's discussi[on] about the TCA and Local Law 68 is only dicta, the standing issue alone dooms Best's TCA claims." Docket No. 417 at 34. As a result, even if I were to change my recommendation that the District Judge find that Best lacks standing to bring the proposed TCA claims, which I do not, I would still recommend that Best's motion to file the proposed TCA claims be denied on the basis of the Second Circuit's substantive review of the merits of those claims and mootness doctrine.

It should be noted that, if the District Judge adopts my finding that Best lacks standing, the District Judge need not reach the merits of the TCA question. See Nneve v. Daus, 644 F.3d 147, 156 (2d Cir. 2011) ("Standing is the threshold question in every federal case, determining the power of the court to entertain the suit.") (quotation & citation omitted). Even still, I find it sensible to lead my recommendations here with a discussion of New Phone 2d Cir. I because reasonable minds have differed on the standing question.[7] Case law from 2009 and 2011

---

[7] Magistrate Judge Matsumoto and District Judge Gleeson have themselves recognized the strengths and weaknesses of Best's standing argument in the overlapping litigations filed by Best and an affiliate. For example, in New Phone Company, Inc. v. New York City Department of

8

convinces me that Best lacks standing.  It goes without saying that Magistrate Judge Matsumoto did not have these cases to consider in 2008.

> **b. The Court Has Authority To Consider Standing On Best's Motion To Revive Its TCA Claims**

Best argues that I cannot look at its TCA standing because Magistrate Judge Matsumoto's 2008 standing finding "should be considered to be law of the case and remain undisturbed."  Docket No. 427 (citing Docket No. 192, adopted by Docket No. 202).

I disagree.  Best makes its motion to revive dismissed TCA claims in part on the basis of new law.  Docket No. 348.  As a court always has the authority to raise the question of standing sua sponte, I may review Best's TCA standing in light of new law while reviewing Best's motion to revive its TCA claims on that same basis.  Best cannot expect the Court to only consider issues which reflect favorably upon Best's position.

> **c. Summary Of Magistrate Judge Matsumoto's June 30, 2008 Finding That Best Has Standing To Bring TCA Claims**

In her June 30, 2008 report and recommendation, Magistrate Judge Matsumoto declined to endorse Defendants' argument that Best lacked TCA standing.  Docket No. 192, adopted by Docket No. 202.  Magistrate Judge Matsumoto cited a Second Circuit decision for the proposition that a waiver-of-rights provision in a franchise agreement

> is a transparent attempt to circumvent § 253. . . . The [waiver]
> provision would have been completely unenforceable had [the

---

Information Technology & Telecommunications ("New Phone EDNY 2003"), No. 03 Civ. 3978 (JG) (KAM), 2006 WL 6908254, at *7-8 (E.D.N.Y. Aug. 25, 2006), adopted in its entirety by No. 03 Civ. 3978 (JG) (KAM) (E.D.N.Y.), Docket Entry 10/16/2006, Magistrate Judge Matsumoto recommended that the plaintiff's TCA claims be dismissed for lack of standing because the plaintiff "does not allege that it ever completed the application process by submitting an executed franchise agreement," among other things.  In the present case, Magistrate Judge Matsumoto simply found that the TCA claims failed on other grounds and declined to find that Best lacked standing as an "artificial barrier" to the other analysis.  Docket No. 192, adopted by Docket No. 202.

9

> plaintiff] agreed to it, but it was improper for [the City of White
> Plains, New York] to even propose it.

Docket No. 192 (citing TCG New York, Inc. v. City of White Plains, N.Y., 305 F.3d 67, 92 (2d Cir. 2002)). As a result, Magistrate Judge Matsumoto chose to

> [n]ot recommend that [Best's] express reservation to challenge the
> [f]ranchise [a]greement stand as an artificial barrier to Best's
> standing to challenge the City's regulations. As discussed infra,
> however, Best's TCA claims fail for reasons other than standing.

Docket No. 192, adopted by Docket No. 202.

### d. New Law From The Second Circuit And This Court Supports A Finding That Best Lacks Standing To Bring The TCA Claims

Nearly seven years after Magistrate Judge Matsumoto's finding, I recommend that the District Judge find that Best lacks standing as to the TCA claims for the following reasons, taken together: (1) in the TCG New York, Inc. cases on which Magistrate Judge Matsumoto relied, the Second Circuit did not discuss the plaintiff's TCA standing (and the underlying district court decision did not discuss standing, either) such that applying its holding in that context requires a court to consider whether the case meant to rule on standing implicitly, see TCG New York, Inc., 305 F.3d at 92; TCG New York, Inc. v. City of White Plains, N.Y., 125 F. Supp. 2d 81, 94 (S.D.N.Y. 2000); (2) since then, in Global Network Communications, Inc. v. City of New York ("Global Network 2d Cir. 2009"), 562 F.3d 145, 153 (2d Cir. 2009), the Second Circuit directly discussed a plaintiff's TCA standing on similar facts and found that the plaintiff did not have TCA standing; (3) in 2011, this Court dismissed one of the many overlapping Best/Best affiliate litigations due to lack of standing based upon similar facts, see New Phone Company, Inc. & Best Payphones, Inc. v. N.Y.C. Dep't of Info. Techn. & Telecommc'n ("New Phone/Best Payphone EDNY 2005"), No. 05 Civ. 1702 (JG) (ALC) (E.D.N.Y. Apr. 27, 2011), Docket No. 100, adopted by Docket No. 107; and (4) my own independent standing analysis, see Docket No.

10

417 at 33-36.

### i. TCG New York Inc. Did Not Conduct A Standing Analysis

As discussed above, Magistrate Judge Matsumoto cited to the Second Circuit's decision in TCG New York, Inc. for the proposition that the defendant's proposed waiver provision would have been unenforceable had the plaintiff executed the franchise agreement containing it. 305 F.3d at 92. Although the plaintiffs in that case were similarly situated to Best in that the plaintiffs had also refused to execute a franchise agreement containing a waiver provision, the Second Circuit did not conduct a standing analysis. Id. The underlying district court decision did not discuss standing, either. See TCG New York, Inc. v. City of White Plains, N.Y., 125 F. Supp.2d 81 (S.D.N.Y. 2000). As in New Phone 2d Cir. I, Magistrate Judge Matsumoto went to the merits rather than deciding standing.

Best argues that TCG New York, Inc. implies that Best has TCA standing despite its refusal to submit to the franchise agreement. Docket No. 427. Best's argument fails, not because Magistrate Judge Matsumoto erred in 2008, but because a 2009 Second Circuit decision directly discussed a TCA plaintiff's standing on similar facts and ruled that the plaintiff did not have standing. Thus, the relevant legal landscape has changed since the 2008 report and recommendation.

### ii. Global Network 2d Cir. 2009 Directly Discussed A TCA Plaintiff's Standing On Similar Facts, And Found That The Plaintiff Did Not Have Standing To Bring TCA Claims

In Global Network 2d Cir. 2009, the Second Circuit affirmed the district court's holding that a plaintiff without a PPT license did not have standing to challenge certain parts of Local Law 68 under the TCA. 562 F.3d at 152.

The underlying district court decision observed that, although the plaintiff's franchise

11

application had been denied, the plaintiff challenged certain provisions in the City's regulations and franchise requirements which "might not survive examination under the case law." Global Network Communc'ns, Inc. v. City of N.Y., 507 F. Supp. 2d 365, 382 (S.D.N.Y. 2005), aff'd by Global Network 2d Cir. 2009, 562 F.3d at 152. The district court held that that was "immaterial" because, inter alia, "since [the plaintiff] has no franchise it is unaffected by such provisions, and has no standing to complain of them." Id. The Second Circuit agreed with this conclusion, noting that

> the district court correctly refused to adjudicate [the plaintiff's] claims that several provisions of the City's regulatory scheme, including advertising restrictions, violate the TCA. The provisions noted by [the plaintiff] affect only entities operating under a license, and [the plaintiff], which had no license to operate, was not affected by them.

562 F.3d at 152. "It therefore lacked standing to challenge them." Id.

Here, like the plaintiff in Global Network 2d Cir. 2009, Best wishes to challenge provisions of Local Law 68 even though it does not have a license to lawfully operate PPTs. See Global Network Communic'ns, 373 F. Supp. 2d at 382. As a result, I recommend that Best, like the plaintiff in Global Network 2d Cir. 2009, does not have TCA standing, either. 562 F.3d at 153.

### iii. This Court Dismissed Best's TCA Claims In 2011 Due To Best's Lack Of Standing Based On The Same Facts

This Court has concluded that Best lacks TCA standing based on such facts before. In fact, in 2011, this Court dismissed one of the many duplicative litigations Best filed in this District based on the same facts for lack of standing. See New Phone/Best Payphone EDNY 2005, No. 05 Civ. 1702 (JG) (ALC) (E.D.N.Y. Apr. 27, 2011), Docket No. 100, adopted by Docket No. 107; see also New Phone EDNY 2003, 2006 WL 6908254, at *7-8 (E.D.N.Y. Aug.

25, 2006), adopted in its entirety by No. 03 Civ. 3978 (JG) (KAM) (E.D.N.Y.), Docket Entry 10/16/2006,

### iv. Best Lacks Standing Because As A General Matter, A Plaintiff Must Submit To A Challenged Policy To Establish Standing

Best would argue that TCG New York Inc. remains more analogous to this case than Global Network 2d Cir. 2009 because the plaintiff in Global Network 2d Cir. 2009 had not been awarded a license, while Best refused to execute the franchise agreement due to its disagreement with the waiver provision. This is a distinction without a difference. In my February 17, 2015 report and recommendation, I explained that when a plaintiff objects to a policy, case law generally requires the plaintiff to submit to that policy in order to have standing to challenge it. See Docket No. 417 at 33-36.

### e. Conclusion

In light of the foregoing, I **deny** Best's motion that I reconsider my recommendation that Best lacks TCA standing. Docket No. 417. Subsequent to Magistrate Judge Matsumoto's June 30, 2008 report and recommendation, which primarily addressed the merits rather than standing, the Second Circuit and this Court issued decisions which support a finding that Best lacks standing. Further, my independent standing analysis satisfies me that the facts of this case demonstrate a similar lack of TCA standing. In any event, as noted in my report and recommendation, the Court could decline to resolve standing, as did the Second Circuit in New Phone 2d Cir. I, 355 F. App'x at 505, and still reject the request to amend for the reasons set forth at Section II, supra.

## IV. Mootness, Statute Of Limitations, Delay And Denial Of Leave To Amend Generally

Fourth, Best asks me to reconsider my recommendations regarding the issues of mootness, delay and statute of limitations. Docket No. 427. Other than asking me to reconsider

13

my mootness recommendation, Best's opening brief presents no argument. Id. I therefore **deny** reconsideration.

As Magistrate Judge Matsumoto's June 30, 2008 report and recommendation showed, a litigation which is not dismissing for lack of standing may still fail the case or controversies requirement of Article III of the United States Constitution as the case progresses. Docket No. 192. This is because "the rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974). As a result, here, the District Judge need only consider my recommendation relating to mootness doctrine in the event that he does not agree with my standing finding. See Docket No. 417 at 41-43.

I note that Best raises mootness argument in its reconsideration motion in its reply brief only. Docket No. 431. Although I need not consider it for that reason, Best argues that the only way for "Best or any other entity, except the one that was awarded the franchise, to operate a PPT on the PROW is to commit a misdemeanor. . . ." Id. This changes nothing about my mootness discussion in the recommendation, which echoed what Magistrate Judge Matsumoto said years ago, namely, that Best sold all of its PPTs and has never alleged or shown that it purchased new ones such that its complaint that it would commit a misdemeanor if it put a PPT on a PROW is a moot point. Docket No. 417 at 41-43.

V.      **Order Precluding Further Motion To Amend**

Finally, Best asks that I reconsider my recommendation that the Order barring Best from re-pleading be left in place. Docket No. 427. Best argues that I cannot make this recommendation without providing it with notice and an opportunity to be heard. Id. Best had more than adequate notice and argument in briefing relating to the 2005 Order and again when it was reaffirmed in 2008. See, e.g., Docket Nos. 54, 60, 65, 192, 197. Lastly, I note that the

14

Order did not prejudice Best relative to the instant motion, as I have considered all of Best's arguments at length. Docket No. 417. I accordingly **deny** Best's reconsideration argument relative to this issue.

### VI. Sanctions

The request for sanctions is denied. Best's motion lacks merit and skirts frivolity but I choose not to exercise my "broad discretion" in recommending when a litigant should be sanctioned. See Universitas Educ., LLC v. Nova Grp., LLC, 784 F.3d 99, 102 (2d Cir. 2015).

### VII. Conclusion

In light of the foregoing, I **deny** Best's motion to reconsider my report and recommendation to the District Judge in its entirety.

Dated: Brooklyn, New York
June 15, 2015

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge